**In the UNITES STATES DISTRICT COURT**
**for the WESTERN DISTRICT OF WISCONSIN**

---

LEE DRONE, *

Plaintiff, *

-vs- * Case No. 26 CV 539

JUDGE RYAN D. NILSESTUEN (official capacity), *
RYAN D. NILSESTUEN (individual capacity),
PAULA GOODMAN, ATTORNEY JOSEPH J. *
KLEIN, and ATTORNEY ALLEN S. PORTER,

Defendants. *

---

**DEFENDANTS PAULA GOODMAN AND ATTORNEY ALLEN STEVEN PORTER'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Defendants Paula Goodman and Allen S. Porter, by their attorney, A. Steven Porter (who is also defendant Allen S. Porter) have moved the Court, pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, for an Order dismissing plaintiff Lee Drone's Complaint under the Rooker-Feldman Doctrine for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under the doctrine of *collateral estoppel*.

In his 220-page Complaint, plaintiff attempts to employ 42 U.S.C. § 1983 to collaterally attack and relitigate in this Court the Order for a four-year Injunction entered by the Hon. Ryan Nilsestuen in the Circuit Court for Dane County, Wisconsin, on May 27, 2025, in *Petitioner v. Drone*, Dane County Case No. 23 CV 2928, in favor of Paula Goodman against plaintiff Drone under Wisconsin's

harassment injunction statute, Wis. Stat. § 813.125. (Docket #1, ¶ 90, Exhibit U, p. 2/6.) The acts of harassment against the Goodmans found by Judge Nilsestuen in the harassment action to have been committed by Drone stemmed from a dispute between Drone and the Goodmans over rights to jointly-owned real estate located at 1430 Ellen Avenue, Madison, Wisconsin. Drone's appeal of the Order for Injunction to the State of Wisconsin Court of Appeals is currently pending, Case No. 25 AP 1531. (Docket #1, ¶ 91, Exhibit U, p. 1/6.)

As such, under the Rooker-Feldman Doctrine, the Court lacks subject matter jurisdiction over all of plaintiff's claims that challenge the Order of the Wisconsin Circuit Court, *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023)( "The Rooker-Feldman doctrine is an important foundation for the division of power between federal and state courts. The doctrine imposes a 'jurisdictional bar' that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments."); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292 (2005).

Furthermore, plaintiff is collaterally estopped from raising the claims he makes against defendants Goodman and Porter because, according to the allegations plead by the plaintiff himself in his Complaint, they were all raised and decided by the state court in the injunction case in the course of arriving at the final order for a harassment injunction against plaintiff. *Allen v. McCurry*, 449 U.S. 90, 94-6 (1980). Thus, plaintiff's Complaint fails to state a claim upon which relief can be granted.

I. Under the Rooker-Feldman Doctrine This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint Because It Is Merely an Attempt to Challenge the Order for a Harassment Injunction Entered Against Him by the State of Wisconsin Circuit Court in Dane County Case No. 23 CV 2928.

Under the Rooker- Feldman doctrine, United States district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005). The rationale for the doctrine is that Congress has empowered federal district courts to exercise only original, not appellate, jurisdiction. *Id*. at 283. "Appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat 85, and now by 28 U.S.C. § 1257, exclusively in the U. S. Supreme Court." *Id*. Thus, U.S. district courts lack subject matter jurisdiction over cases filed "in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment …. to overturn [that] injurious state-court judgment." *Id*. at 291-2.

In his Complaint in this case Drone explicitly seeks relief of that nature. In the first paragraph of his complaint Drone explains the premise of his Complaint to be that "[f]or nearly two years, Plaintiff has lived under the shadow of an injunction

that never lawfully existed." Drone goes on to enumerate a laundry list of deficiencies in the state court judge's handling of issues that were litigated and decided in the state court injunction action. Drone's Complaint seeks relief in the form of "[a] declaration that the injunctions [sic] entered against Plaintiff in Dane County Case No. 2023CV002928 were void ab initio" and "constitute an ongoing deprivation of Plaintiffs [sic] liberty, property, and reputational interests under the Fourteenth Amendment" and seeking "[a]n order directing the expungement or permanent sealing of all void injunctions, related docket entries, and collateral records maintained by the Dane County Circuit Court or any associated databases." (Docket #1, ¶¶ A. 1-2, B. 1.)

The Specific Allegations in the Complaint Reveal It to Be a Collateral Attack.

The following is a review of the specific claims or "counts" Drone alleges against Paula Goodman and Attorney Porter in his Complaint. The Complaint itself demonstrates that the counts detailed were all raised by Drone in the Wisconsin case and decided in the course of the litigation ending in an Order for Injunction being issued.

Counts one (1) through five (5) of the Complaint allege that Paula Goodman purportedly made false representations to process servers attempting to serve Drone with the summons in Wisconsin Case No. 23 CV 2928 or to the Wisconsin Court in support of her motion for default judgement. Drone alleges that this denied him due process that resulted in an unwarranted default judgement against him. (Dkt #1, ¶¶ 101-105.)

But, in Counts six (6) through eight (8) of the Complaint, Drone alleges that Judge Nilsestuen took note of these allegations in response to Drone's motion to reopen the default judgement and reopened the default judgement in his January, 2025, "Decision and Order Granting Motion to Reopen and Vacate" in the Wisconsin case. (Dkt #1, ¶¶ 106-108, and Exhibit C.)

In Counts nine (9) through thirteen (13) of the Complaint, Drone alleges that Goodman, with the aid of Attorney Porter, then moved the Wisconsin court (in February, 2025) to reopen and reconsider its decision to vacate the default judgement and injunction and asked the Wisconsin court to reinstate the injunction against Drone. (Dkt #1, ¶¶ 109-113.) The Complaint alleges that those actions by defendants Goodman and Porter also somehow violated Drone's due process rights. (Id.)

In Counts fourteen (14) through sixteen (16) and thirty-nine (39) through forty-one (41), Drone complains that Judge Nilsestuen issued an Order on May 12, 2025, granting Goodman's motion to reopen; denying her motion to reinstate the injunction against Drone; holding, based upon Goodman and Porter's argument, that Drone had affirmatively invoked the personal jurisdiction of the Wisconsin court and setting Goodman's petition for a harassment injunction on for an evidentiary hearing on the merits. (Dkt #1, ¶¶ 114-6, 139-141.)

Counts seventeen (17) through twenty-four (24) of the Complaint complain that Attorney Porter, acting pursuant to Judge Nilsestuen's May 12, 2025, Order,

violated Drone's due process rights by serving Drone by email with copies of Goodman's petition for the harassment injunction. (Dkt #1, ¶¶ 117-124.)

Counts twenty-five (25) through thirty-three (33) of the Complaint complain that Attorney Porter violated Drone's due process rights by emailing exhibits to him that Porter indicated he may use at the hearing on the injunction the next day.

Count thirty-six (36) alleges that it was Judge Nilsestuen's actions and omissions in decisions he made in the Wisconsin case that caused Drone "continuing reputational and property harm." (Dkt #1, ¶ 136.)

In Counts forty-two (42) through forty-four (44) and forty-six (46) and forty-seven (47) , Drone alleges that Wisconsin Judge Nilsestuen, held a hearing on the merits of Goodman's petition for a harassment injunction on May 27, 2025, and reinstituted the four-year injunction against Drone despite Drone's objections which raised all of the same allegations Drone alleges against defendants Goodman and Porter in his Complaint in this case. (Dkt #1, ¶¶ 142-4, 46-7.)

In Count sixty-one (61) of the Complaint, plaintiff alleges that it was the official record of the Wisconsin court's reinstitution of the harassment injunction against him that caused him "ongoing reputational harm." (Dkt #1, ¶ 61.)

Thus, it is clear from the allegations of plaintiff's Complaint, itself, that all of the counts alleging wrongdoing by defendants Goodman and Porter involve actions purportedly taken by them in the course of litigating Paula Goodman's petition for a harassment injunction against Drone in Dane County Wisconsin Circuit Court No. 23 CV 2928. The allegations state that Drone raised all of the issues and objections

concerning defendants' actions in the Wisconsin case that he raises here. The Complaint alleges that Judge Nilsestuen considered Drone's objections and motions complaining of defendants' actions and, nevertheless, ultimately ruled against Drone on all of his issues and objections in the course of entering the Order for Injunction against Drone in favor of Goodman. Drone's Complaint alleges that it was that Order that caused all of his injuries and damages – not defendants' alleged actions *per se*.

Finally, Drone's Complaint expressly seeks relief in the form of "[a] declaration that the injunctions [sic] entered against Plaintiff in Dane County Case No. 2023CV002928 were void ab initio" and "constitute an ongoing deprivation of Plaintiffs [sic] liberty, property, and reputational interests under the Fourteenth Amendment" and seeking "[a]n order directing the expungement or permanent sealing of all void injunctions, related docket entries, and collateral records maintained by the Dane County Circuit Court or any associated databases." (Docket #1, ¶¶ A. 1-2, B. 1.)

The Complaint makes clear that this Court cannot grant any of the relief Drone requests against defendants Goodman and Porter without relitigating Paula Goodman's case against Drone in Dane County Circuit Court Case No. 23 CV 2928 and invalidating all of the decisions made by the Wisconsin court in that case. Under the Rooker-Feldman Doctrine, this Court clearly does not have subject matter jurisdiction to do so. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005).

II. Similarly, Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because Plaintiff's Claims Are Barred By the Doctrine of Collateral Estoppel.

Collateral estoppel is a judicially created doctrine that applies to issues of fact or law raised in a case that were actually decided and necessary to a decision of a court in a prior case. *Whitely v. Seibel*, 676 F.2d 245, 248 n. 1 (7th Cir. 1982); *Allen v. McCurry*, 449 U.S. 90, 94 and n. 5 (1980); *Montana v. U.S.*, 440 U.S. 147, 153 (1979). Several important policies are furthered by the application of the doctrine of collateral estoppel. Parties are relieved of the costs and vexation of multiple lawsuits, judicial resources are conserved, inconsistent decisions are prevented, and reliance upon adjudication is promoted. *Allen v. McCurry*, 449 U.S. at 94-6. When a federal court precludes issues previously litigated in a state court, comity between state and federal courts is promoted. *Id*. at 95-6. In *Allen v. McCurry*, the U.S. Supreme Court confirmed that the doctrine of collateral estoppel applies to actions brought under 42 U.S.C. § 1983. 449 U.S. at 94-6.

In *Whitley v. Seibel*, 676 F.2d at 248, the Seventh Circuit adopted the elements of collateral estoppel set forth in 1B Moore's Federal Practice, paragraph 0.443(1)(1965). The elements are:

a.) Identity of issues,

b.) The party against whom the doctrine is asserted was a party to the prior proceeding,

c.) The issue was actually litigated and decided on the merits (that is, the party sought to be estopped had a full and fair opportunity and the incentive to litigate the issue), and

d.) The resolution of the issue was necessary to the judgement in the prior case.

Plaintiff's Complaint pleads all of these factors. As detailed above, the Complaint precisely lays out all of the issues raised and litigated in the state court injunction case between plaintiff, the party sought to be estopped in this case, and defendants Goodman and Porter. The Complaint describes how these issues were fully litigated by plaintiff and decided by the state court against the plaintiff. And, the Complaint alleges that the Order for Injunction and the harm that plaintiff alleges proceeded from it necessarily depended upon the decisions of the state court regarding those issues.

Plaintiff should be collaterally estopped from relitigating those issues here.

## Conclusion

Under the Rooker-Feldman Doctrine this Court lacks subject matter jurisdiction to entertain claims for such relief.

Plaintiff's claims against defendants Goodman and Porter in this case are collaterally estopped by the decisions of the state court on the identical issues in the state court injunction action. Thus, plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff's Complaint must be dismissed.

Respectfully submitted this 26th day of August, 2026.

__/s/ A. Steven Porter__

A. Steven Porter
State Bar No. 1000195
Attorney for Defendants
Paula Goodman and himself, Allen Steven Porter

P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
Fax: (608) 819-6466
(608) 698-9319 (cell)
asp5949@gmail.com